IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20210
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ROBERTO MORENO-GALINDO,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-577-ALL
--------------------
April 12, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

    Roberto Moreno-Galindo appeals from his guilty-plea
conviction and sentence for illegal reentry by a previously
deported alien in violation of 8 U.S.C. § 1326.  Moreno-Galindo
argues that in view of Apprendi v. New Jersey, 120 S. Ct. 2348,
2362-63 (2000), his prior felony conviction was an element of the
offense under § 1326(b)(2), and not merely a sentence
enhancement.  He acknowledges that his argument is foreclosed by
Almendarez-Torres v. United States, 523 U.S. 224, 247 (1998), but
states that he is preserving it for possible Supreme Court review

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

because the Supreme Court indicated in Apprendi that Almendarez-Torres may have been wrongly decided. Because the Supreme Court has not overruled Almendarez-Torres, this court is compelled to follow it. See United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 121 S. Ct. 1214 (2001).

Moreno-Galindo argues that the indictment failed to charge an offense under 8 U.S.C. § 1326 because it did not allege any general intent on the part of Moreno-Galindo. This court's recent decision in United States v. Guzman-Ocampo, 236 F.3d 233, 236 (5th Cir. 2000), is dispositive. The indictment alleged every statutorily required element of 8 U.S.C. § 1326 and fairly imported that Moreno-Galindo's reentry was a voluntary act in view of the allegations that he had been excluded, deported, and removed, and that he was present in Houston, Texas, without having obtained the consent of the Attorney General. Moreno-Galindo failed to challenge the indictment as to his voluntariness. Consequently, under Guzman-Ocampo, the indictment was sufficient.

Accordingly, the judgment of conviction is AFFIRMED.